IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CRIMINAL ACTION NO.: 3:98CR126

| | |
|---|---|
| **ANDRIVIA FRANCES WELLS,** ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> **UNITED STATES OF AMERICA,** ) <br> ) <br> Respondent. ) <br> _____) | **ORDER** |

**THIS MATTER** is before the Court on Petitioner's "Motion for Modification of Sentence," filed December 6, 2004, and "Motion to Advance on Docket," filed February 22, 2005.

On October 5, 1998, Petitioner pled guilty to conspiracy to distribute a quantity of cocaine and cocaine base, a violation of 21 U.S.C. § 846. This Court, on October 27, 1999, sentenced Petitioner to one hundred fifty-one (151) months incarceration, and judgment was entered December 9, 1999. On August 13, 2003, the government filed a Motion to Modify Sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure. This Court granted the government's motion on September 18, 2003, and reduced Petitioner's sentence to one hundred fifteen (115) months, with all other terms to remain the same.

Upon review of Petitioner's Motions, this Court construes Petitioner's request as asking for a modification of her imposed term of imprisonment, pursuant to 18 U.S.C. §

1

3582(c).[1] In her Motions, Petitioner asks the Court to modify the terms of her sentence so that she can be placed by the Bureau of Prisons ("BOP") in the Residential Drug Abuse Treatment Program.

According to 18 U.S.C. § 3582, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582. However, the statute provides exceptions to this general rule. The exceptions allow modification in cases where such change is requested by the Bureau of Prisons, or expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure. See 18 U.S.C. § 3582 (c)(1)(A),(B). Moreover, the Court may modify an imposed term of imprisonment where the defendant was sentenced in a range that has subsequently been lowered by the Sentencing Commission. See 18 U.S.C. § 3582 (c)(2). None of these exceptions apply in this instance.

Although Petitioner's request is not applicable as an exception to 18 U.S.C. § 3582, the Court may make a reccomendation to the BOP that an inmate be allowed to participate in a particular program. However, the Court's recommendation is not binding on the BOP, which makes all decisions regarding a prisoner's placement, regardless of the recommendation of a sentencing judge. Furthermore, the Court has been informed by the BOP that Petitioner does not meet the eligibility requirements for the Residential Drug Treatment Program. Under the BOP's criteria for placement in the program, the Petitioner does not have a "verifiable documented drug problem." Federal Bureau of Prisons, U.S. Dept. of Justice, Drug Abuse Programs Manual - Inmate, Program Statement 5330.10

---

[1] The Court acknowledges that Petitioner filed two separate motions, the "Motion for Modification of Sentence" filed December 6, 2004, and the "Motion to Advance on Docket," filed February 22, 2005. However, the Court will treat the two motions as one request because the second motion is essentially a re-statement of the first motion.

(1997). In order to demonstrate such a drug problem, "[t]he inmate must meet the diagnostic criteria for substance abuse or dependence indicated in the Diagnostic and Statistical Manual of the Mental Disorders, Fourth Edition, (DSM - IV)." Id. Under the DSM - IV criteria, an inmate must demonstrate drug use at least a year prior to sentencing to be diagnosed as has having a drug problem. According to BOP's diagnostic assessment of Petitioner, she does not qualify as having a drug problem because her last reported drug use was more than a year before her sentencing.

**IT IS, THEREFORE, ORDERED** that the Petitioner's "Motion for Modification of Sentence" is hereby **DENIED**.

**Signed: August 4, 2005**

Richard L. Voorhees
United States District Judge